UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MANUEL BATISTA, | Case No.: 2:22-cv-01021-APG-VCF |
|---|---|
| Plaintiff | **Order Granting Motion to Remand** |
| v. | [ECF No. 7] |
| DOE DRIVER I; DOE OWNER I; JAMES RIVER INSURANCE COMPANY; DOE DRIVERS II-V; DOE OWNERS II-V; ROE EMPLOYERS I-X; and ROE COMPANIES I-X, | |
| Defendants | |

Plaintiff Manuel Batista was rear-ended by an unknown driver who fled the scene. Batista filed a lawsuit in state court alleging negligence claims against Doe Drivers and Doe Owners. ECF No. 1-2. Batista's insurer, James River Insurance Company, intervened in the state court action, filed an Answer, demanded a jury trial, and participated in discovery. ECF Nos. 1-15; 1-16; 1-17; 1-23 at 6. More than two years after filing his lawsuit—and more than 16 months after James River intervened—Batista amended the complaint to include James River as a defendant. ECF No. 1-30. James River then removed the case to this court based on diversity jurisdiction. ECF No. 1 at 2. Batista now moves to remand, arguing removal was untimely and requesting sanctions in the form of attorneys' fees. I grant the motion to remand but do not award fees.

Generally, a defendant must file the notice of removal within 30 days of receiving the initial pleading "setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, the defendant

may file a notice of removal within 30 days after receipt of a copy of an amended pleading or other paper "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).  However, if a case was not initially removable, it may not later be removed based on diversity jurisdiction "more than 1 year after commencement of the action." *Id.* § 1446(c)(1).  In other words:

> [T]he one-year deadline of 28 U.S.C. § 1446(b) for removing diversity cases applies only to cases in which there is no basis for diversity jurisdiction when the case is filed in state court.  If there is a basis for diversity jurisdiction at the time of filing, there is no deadline.

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 n.3 (9th Cir. 2001).

Because there was no basis for diversity jurisdiction in Batista's original complaint, the one-year deadline applies, so removal is untimely.

Batista's initial complaint states he is a resident of Nevada and that Doe Drivers and Doe Owners are believed to be residents of Nevada. ECF No. 1-2 at 2-3.  James River argues the case was nevertheless removable at the time of filing because, when determining removability based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  Although the citizenship of Doe defendants does not destroy diversity for removability, neither does it presumptively create it. *See, e.g., Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction.").  The Doe defendants, as the tortfeasors in the original action, are not sham defendants named to defeat diversity.  James River does not point to any authority for the proposition that diversity exists where only fictitious defendants are named.

"Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (simplified). This burden on a removing defendant is especially heavy because "the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (simplified). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). James River has not met its heavy burden of establishing the basis of this court's jurisdiction. Because the case was not initially removable, and because more than one year elapsed between the date the state court action commenced and the date James River removed it, removal was improper. I grant Batista's motion to remand.[1]

Batista also moves for attorneys' fees under 28 U.S.C. § 1447(c). James River omitted from its notice of removal the relevant statutory provision establishing the one-year deadline, later claimed a typographical error despite substantively relying on the incorrect statutory provision in its notice of removal, and did not cite any authority in its response to the remand motion for the proposition that fictitious defendants create diversity. *See* ECF Nos. 1 at 5; 2 at 3-4; 8 at 2. However, absent unusual circumstances, I should not award attorneys' fees under § 1447(c) if an objectively reasonable basis exists for the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Neither party has pointed to published Ninth Circuit authority on the propriety of removal where only Doe defendants are named at the outset. Given the dearth of relevant case law and the mix of authority on the related question of the propriety of

---

[1] Batista alternatively argues for the first time in his reply brief that James River waived removal by participating in the state case as an intervenor. I need not address that issue.

Doe defendants in diversity cases originally filed in federal court,[2] I deny Batista's request for fees under § 1447(c). However, my decision should not be interpreted as precluding Batista's ability to seek an award of its fees and costs related to the removal from the state court in connection with the resolution of that case.

I THEREFORE ORDER that plaintiff Manuel Batista's motion to remand **(ECF No. 7) is GRANTED**. This case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is directed to close this case.

DATED this 19th day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] *See* Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007) (summarizing cases).